Lawrence, J. (dissenting).
Appeal by carrier from a decision and award made against the employer and the carrier. The carrier raised the question of policy coverage. The employer was given notice in order that its rights might be protected. The issue is between the employer and the carrier.
The specific claim of the carrier is that its policy does not cover the premises Where the accident occurred and that the claimant was not working for the *905 insured employer at the time of his injury. The referee decided that the insurance policy did not cover the premises where the accident occurred. The Industrial Board (now Workmen’s Compensation Board) reversed the referee and made an award.
The accident occurred on June 19, 1941, at eight or nine o’clock p.m. Claimant was moving an extension ladder at the private residence of the president of the employer corporation, located at Bayside, Long Island. The wage statement submitted by the employer shows that claimant was not on its payroll’ for any week ending at or near the time of the injury. Claimant testified that he was engaged to work by Michael Scharf, the president of the employer corporation, and had no knowledge of any company. He testified that he was paid, in cash, by Mr. Scharf for the work he performed at the private residence. The employer corporation operated an apartment house. Claimant was a handy man and janitor, employed to do painting, repairing and plumbing. The declarations of the employer, Block & Smith, Inc., describe the work places of the employer as follows: “ Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town or City, with Street and Number 94-20 to 94-24 Northern Blvd. B/A 3301 to 3315 Junction Blvd. Corona L. I.” The declarations contained the further statement: “ This employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated: no exceptions.”
Respondents urge that the indemnity provisions of the policy are sufficiently broad to cover the premises where the injury occurred. These provisions are as follows: “ To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed, wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada ” and “ This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere, in connection with, or in relation to, such work places.”
In subdivision 4 of section 54 of the Workmen’s Compensation Law the liability of the insurance carrier is-limited to employment at the location set forth in the policy of insurance or in connection with the business of the employer carried on at the location set forth in the policy.
Here there is nothing to indicate an extension of coverage. It is limited to employment at the apartment house. Claimant was injured at the private residence of the president of the insured employer. He was engaged by the president to do work. He was paid by the president, in cash, for the work performed there. The award against the appellant insurance carrier should be reversed and the claim against the appellant dismissed. (Matter of Nieder v. Garrett Busch & Son, Inc., 262 N. Y. 656; Matter of Pettit v. Reges, 242 N. Y. 272; Matter of Lent v. 850 Seventh Ave. Corp., 259 N. Y. 616.)
Award against appellant should be reversed and claim against appellant dismissed, with costs against the Workmen’s Compensation Board.
Hill, P. J., Heffeoan and Brewster, JJ., concur in decision; Lawrence, J., dissents in an opinion in which Poster, J., concurs.
Award affirmed, with costs to the Workmen’s Compensation Board.